IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD WILLIAM SHERMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73984

FILED

SEP 1 3 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.

Appellant filed his petition on January 11, 2017, more than one year after the remittitur issued on appeal from the judgment of conviction. *Sherman v. State*, 114 Nev. 998, 965 P.2d 903 (1998). The petition was therefore untimely filed. *See* NRS 34.726(1). Moreover, appellant acknowledges that he previously sought postconviction relief. The petition was therefore successive to the extent it raised claims that were previously litigated and resolved on their merits, and it constituted an abuse of the writ to the extent it raised new claims. *See* NRS 34.810(2). Accordingly, the petition was procedurally barred absent a demonstration of good cause and actual prejudice, NRS 34.726(1); NRS 34.810(3), or a showing that the procedural bars should be excused to prevent a fundamental miscarriage of justice, *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001).

Appellant argues that he demonstrated good cause and prejudice sufficient to excuse the procedural bars, and that a fundamental miscarriage of justice would result if his petition was not considered, because *Hurst v. Florida*, 136 S. Ct. 616 (2016), set forth new retroactive rules that: (1) require trial courts to instruct jurors that the State must

19-38421

prove that the aggravating circumstances are not outweighed by the mitigating circumstances beyond a reasonable doubt, and (2) prohibit the reweighing of aggravating and mitigating circumstances when an aggravating circumstance is stricken by a reviewing court. We disagree. *See Castillo v. State*, 135 Nev., Adv. Op. 16, 442 P.3d 558 (2019) (discussing death-eligibility in Nevada and rejecting the arguments that *Hurst* announced new law relevant to the weighing component of Nevada's death penalty procedures or to appellate reweighing); *Jeremias v. State*, 134 Nev. 46, 57-59, 412 P.3d 43, 53-54 (rejecting the argument that *Hurst* announced new law relevant to the weighing component of Nevada's death penalty procedures), *cert. denied*, 139 S. Ct. 415 (2018). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.　　　　　_____, J.
Pickering　　　　　　　　　　　　　　Hardesty

_____, J.　　　　　_____, J.
Parraguirre　　　　　　　　　　　　　Stiglich

_____, J.　　　　　_____, J.
Cadish　　　　　　　　　　　　　　　Silver

cc:　Hon. Kerry Louise Earley, District Judge
　　　Federal Public Defender/Las Vegas
　　　Attorney General/Carson City
　　　Clark County District Attorney
　　　Eighth District Court Clerk